Ali Salamirad (SBN 209043)
Jeffrey D. Hook (SBN 216229)
**SMTD LAW LLP**
17901 Von Karman Avenue, Suite 500
Irvine, California 92614
949-537-3800
949-537-3822 (f)
as@smtdlaw.com; jh@smtdlaw.com

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA
# RONALD REAGAN FEDERAL BUILDING & US COURTHOUSE

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>DREAMBUILDER CONSTRUCTION CORP DBA DREAMBUILDER, a California corporation; ANURAG SINGH, an individual; ROMI SINGH, an individual,<br><br>Defendants. | CASE NO. 8:22-cv-1039<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT – INDEMNITY AGREEMENT;**<br><br>**(2) STATUTORY REIMBURSEMENT;**<br><br>**(3) *QUIA TIMET*;**<br><br>**(4) SPECIFIC PERFORMANCE;**<br><br>**(5) VIOLATION OF CALIFORNIA'S UNIFORM FRAUDULENT TRANSFERS ACT;**<br><br>**(6) IMPOSITION OF A CONSTRUCTIVE TRUST.** |

## DEMAND FOR JURY TRIAL

Plaintiff Liberty Mutual Insurance Company (referred to as "Plaintiff") alleges the following against Defendants Dreambuilder Construction Corp dba

- 1 -

**LIBERTY MUTUAL INSURANCE COMPANY'S COMPLAINT**

Dreambuilder, Anurag Singh, Romi Singh (collectively referred to as the "Defendant Indemnitors").

## PARTIES

1.  Plaintiff is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts. Plaintiff is, and at all times mentioned herein was, qualified and authorized to transact business in the State of California as a surety.

2.  Defendant Dreambuilder Construction Corp dba Dreambuilder ("Dreambuilder") is a corporation incorporated under the laws of the State of California, with its principal place of business in Placentia, California.

3.  On information and belief, Defendant Anurag Singh is an individual who at all relevant times has resided in Yorba Linda, California.

4.  On information and belief, Defendant Romi Singh is an individual who at all relevant times has resided in Yorba Linda, California.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (i) there is complete diversity between Plaintiff and Defendants, and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the region governed by the United States District Court for the Central District of California.

## GENERAL ALLEGATIONS

7.  On or about August 10, 2020, to induce Plaintiff to issue surety bonds, Defendant Indemnitors executed a General Agreement of Indemnity (the "Indemnity Agreement") in favor of Plaintiff under which they promised to completely indemnify and hold Plaintiff harmless from all liability for Loss as that

term is defined in the Indemnity Agreement, as a result of having issued the bonds. A true and correct copy of the Indemnity Agreement is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

8. Thereafter, Defendant Indemnitors requested that Plaintiff furnish multiple surety bonds. Plaintiff issued payment and performance bonds ("Bonds"), on behalf of Defendant Dreambuilder, as the bond principal, in connection with work for the California Department of Transportation ("Caltrans") on the following contracts: (1) 07-332504; (2) 10-1C2004; (3) 08-1G0004; (4) 05-1G9904; (5) 08-0G8004; (6) 04-4J9804; (7) 07-3W7304. The Ohio Casualty Insurance Company ("OCIC"), an affiliate of Plaintiff, issued a payment and performance bond for Contract Number 08-1J0204 on behalf of Dreambuilder related to work for Caltrans (collectively referred to as "Projects"). A true and correct copy of the Bonds are attached hereto as **Exhibit "2"** and incorporated herein by this reference.

9. Dreambuilder has since acknowledged and admitted that it is in default of its obligations on the bonded contracts, and others, in that, among other things, Dreambuilder cannot fulfill its obligation to complete the Projects and pay its vendors.

10. Dreambuilder's financial inability to complete the Projects has resulted in Plaintiff receiving multiple claims against the Bonds, which in turn has resulted, and will continue to result in, Plaintiff incurring substantial losses, costs, and expenses under the Bonds. The claim activity also necessitated the hiring of legal counsel and construction consultants to assist Plaintiff in its investigation of the merits of each of the claims on the Bonds. Defendant Indemnitors are obligated to reimburse Plaintiff for these expenses, and others, under the terms of the Indemnity Agreement.

11. To date, Plaintiff has suffered losses in excess of $75,000 as a result of Dreambuilder's failure to perform and inability to pay its vendors and otherwise satisfy its obligations on the Projects. Based on its current investigation of claims

received by Plaintiff and its review of the facts and circumstances of Dreambuilder's defaults, Plaintiff anticipates a loss (net of recoveries and other mitigation efforts) in excess of $5,000,000 at the time of trial. Defendant Indemnitors are obligated to fully indemnify and reimburse Plaintiff for these and any other losses under the express terms of the Indemnity Agreement and California law.

12. On or about April 13, 2022, pursuant to its rights under the Indemnity Agreement, Plaintiff made a demand to Defendant Indemnitors to deposit $3,000,000 in funds with Plaintiff, as collateral security, to cover the anticipated bond losses incurred and suffered by Plaintiff. Defendants failed to post the collateral security, in default of their obligations under the Indemnity Agreement.

13. As of the date of this filing, Defendant Indemnitors, and each of them, refuse to satisfy and discharge their obligation to indemnify and hold Plaintiff harmless under the Indemnity Agreement.

## FIRST CAUSE OF ACTION

### (Breach of Contract – Indemnity Agreement

### Against Defendant Indemnitors)

14. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

15. Defendant Indemnitors have failed, and continue to fail to exonerate, indemnify and save Plaintiff harmless from and against all loss as a result of having issued the Bonds, which are Defendant Indemnitors' express obligations under the clear and unambiguous terms of the Indemnity Agreement.

16. Defendant Indemnitors have failed, and continue to fail, to secure Plaintiff's discharge of its obligations under the Bonds as required under the clear and unambiguous terms of the Indemnity Agreement.

17. Defendant Indemnitors have refused Plaintiff's request that they post $3,000,000 of collateral security as required under the Indemnity Agreement.

Because Indemnitors refuse to pledge collateral to Plaintiff and otherwise commit to indemnifying Plaintiff, Plaintiff will face imminent harm, irreparable injury, and will have no adequate remedy at law with respect to reimbursement for its loss under the Bonds.

18. On information and belief, Defendant Indemnitors have deposited funds it received from the Projects and used some of those funds for certain non-bonded obligations.

19. Plaintiff has incurred and will continue to incur losses as a result of Defendant Indemnitors' material breaches of the Indemnity Agreement.

20. As a result of Defendant Indemnitors' material breaches of the Indemnity Agreement, Plaintiff estimates a net loss in excess of $5,000,000 and in an amount to be proven at trial.

21. Because Defendant Indemnitors have breached their obligations under the Indemnity Agreement, Plaintiff has been forced to retain counsel to enforce its rights to payment under the same. The terms of the Indemnity Agreement provide that in the event of legal action to enforce its provisions, Defendant Indemnitors promise to pay all costs, expenses and attorney's fees incurred by Plaintiff.

## SECOND CAUSE OF ACTION

**(Statutory Reimbursement Against Defendant Dreambuilder)**

22. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that under California Civil Code section 2847, if a surety satisfies a principal obligation, or any part thereof, whether with or without legal proceedings, the principal is obligated to reimburse the surety for all disbursements, including, but not limited to, attorneys' fees, costs, and other expenses.

24. Plaintiff is informed and believes and thereon alleges that as a result of having issued the Bonds, Plaintiff has and/or will incur losses of no less than

$5,000,000 to resolve valid claims against the Bonds and complete the bonded obligations for the Projects. Under Section 2847, Defendant Dreambuilder is required to reimburse Plaintiff for all of these losses.

### THIRD CAUSE OF ACTION

### (*Quia Timet* Against Defendant Indemnitors)

25. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

26. The Defendant Indemnitors, and each of them, are obligated under the established and recognized equitable doctrine of *Quia Timet* to post collateral security with Plaintiff to protect Plaintiff from all losses and expenses to be incurred by Plaintiff as a consequence of having issued the Bonds.

27. Plaintiff is informed and believes and thereon alleges that Defendant Indemnitors will attempt to avoid their obligations to indemnify and hold Plaintiff harmless under the terms of the Indemnity Agreement by transferring and conveying their assets to satisfy obligations other than those covered by the Bonds and the Indemnity Agreement.

28. Plaintiff has no adequate remedy at law for the injuries currently being suffered. If the Defendant Indemnitors are not immediately enjoined from transferring their assets, the assets will be disposed of permanently, and the Defendant Indemnitors will render themselves insolvent, to the severe and irreparable prejudice of Plaintiff such that judgment for monetary damages would be of no value.

29. As a proximate result of the conduct of Defendant Indemnitors, and each of them, Plaintiff has been or will be damaged so long as said Defendant Indemnitors are able to circumvent their obligations to Plaintiff under the Indemnity Agreement by transferring their assets to avoid their obligations.

30. Plaintiff is entitled to a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining Defendant Indemnitors, and

each of them, as well as their agents, servants, employees, attorneys, and all persons acting under, in concert with, or for them, from further transferring assets without the express written consent and order of this Court.

## FOURTH CAUSE OF ACTION

### (Specific Performance Against Defendant Indemnitors)

31. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

32. Plaintiff agreed to extend surety credit in reliance on, among other things, Defendant Indemnitors' promise and agreement to deposit collateral security with Plaintiff when requested to do so in the amount of the estimated and expected liability faced by Plaintiff. Defendant Indemnitors have failed and refused to collateralize Plaintiff despite the fact that Plaintiff has an estimated loss in excess of $3,000,000.

33. Plaintiff's remedy at law is inadequate in that Plaintiff cannot be adequately relieved by pecuniary compensation because Plaintiff is exposed to additional liability that is not yet liquidated.

34. By reason of the foregoing, Plaintiff is entitled to specific performance of Defendant Indemnitors' obligation to deposit collateral with and reimburse Plaintiff. Plaintiff requests that the Court compel Defendant Indemnitors to deliver to Plaintiff cash or collateral acceptable to Plaintiff as to amount and form, to cover Plaintiff's anticipated loss incurred as a result of having issued the Bonds, as expressly required under the clear and unambiguous terms of the Indemnity Agreement.

## FIFTH CAUSE OF ACTION

### (Violation of California's Uniform Fraudulent Transfers Act Against Defendant Indemnitors)

35. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes that in addition to not satisfying their obligations to Plaintiff as hereinabove alleged, the Defendant Indemnitors are generally not paying their debts as they become due, and are therefore "insolvent" as that term is defined under California's Uniform Fraudulent Transfers Act ("UFTA").

37. Plaintiff is informed and believes and thereon alleges that while insolvent, and within the last year, Defendant Indemnitors fraudulently transferred their assets by, among other things, diverting and transferring funds in order to avoid payment of their obligations to Plaintiff, in violation of the UFTA.

38. Plaintiff is informed and believes and thereon alleges that Indemnitor Defendants breached the "Trust Fund" provision of the Indemnity Agreement for bonded contract proceeds which requires "all monies due and to become due under any bonded contract or obligation are trust funds, whether in the possession of Indemnitors or otherwise, for the benefit and payment of all obligations for which Plaintiff would be liable under any Bond" in that Dreambuilder failed to pay approximately $3,000,000 it received from Caltrans on Contract Number 07-332504 to subcontractors and suppliers on that Project and instead used some or all of those funds for other purposes unrelated to the Projects.

39. Plaintiff is informed and believes and thereon alleges that the diverted funds were earned as a result of the labor and materials furnished to the Projects by the subcontractors and suppliers and are, therefore, both as a matter of California law and under the terms of the Indemnity Agreement, trust funds that must be held for the benefit of those furnishing labor and materials to the Projects. By diverting the funds for their own use, Indemnitor Defendants have defrauded Plaintiff by depleting the funds that should be used to pay subcontractors and suppliers, and instead forcing Plaintiff to use its own funds to pay these parties under the Bonds.

40. Indemnitor Defendants' conduct, as alleged herein and as will be further determined and discovered in this action, violates the UFTA and grants to

Plaintiff all remedies provided by the UFTA including, but not limited to, avoidance of the transfer of funds, an injunction against further disposition of the funds, and the appointment of a receiver in order to ensure that funds are not transferred pending this action.

## SIXTH CAUSE OF ACTION

**(Imposition of a Constructive Trust Against Defendant Indemnitors)**

41. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

42. Plaintiff is informed and believes and thereon alleges that Indemnitor Defendants, and each of them, hold property including but not limited to monies, currency, profits, negotiable instruments, promissory notes and interests in property, both real and personal, as well as assets and other property derived from the above alleged fraudulent acts as constructive trustees on behalf of subcontractors and suppliers that furnished labor and materials on the Projects, and Plaintiff as a result of having issues the Bonds and paid claimants thereunder.

43. Plaintiff is informed and believes and thereon alleges that Indemnitor Defendants, and each of them, have received and benefited from the fraudulent transfer of said funds and/or property, and hold said property and value in constructive trust for the benefit of Surety herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in this action against Defendant Indemnitors, jointly and severally, awarding Plaintiff the following:

**FIRST CAUSE OF ACTION AGAINST DEFENDANT INDEMNITORS**

1. Indemnity for the loss or liability incurred as alleged above in an amount to be proven at trial, but no less than $5,000,000;

2. Pre-judgment and post-judgment interest on such amount at the maximum legal rate;

3. Attorneys' fees and costs incurred herein; and

4. Such other relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT INDEMNITORS**

1. For damages in an amount of $5,000,000, including costs according to proof at time of trial along with any such further and additional relief as determined just by the court.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT INDEMNITORS**

1. For a temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants from transferring assets;

2. A preliminary injunction and permanent injunction for the following relief:

    a. Defendants be required to specifically perform their obligation to deposit collateral with Plaintiff in the minimum amount of $3,000,000;

    b. Defendants be enjoined and restrained from selling, transferring disposing, liening, encumbering, or impairing their assets and property;

    c. Defendants be required to provide Plaintiff immediate access to their books, records, accounts, databases, and other documents an information in order to prevent Defendants from selling, transferring disposing, liening, encumbering, or impairing their assets and property;

3. Attorneys' fees and costs incurred herein; and

4. Such other relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT INDEMNITORS**

1. An order for specific performance providing:

    a. That Defendant Indemnitors be required to specifically perform their obligation to deposit collateral with Plaintiff in the minimum amount of $3,000,000;

    b. For attorneys' fees and costs incurred herein; and

    c. For such other relief as the Court deems just and proper.

///

**FIFTH CAUSE OF ACTION AGAINST DEFENDANT INDEMNITORS**

1. For an order voiding any and all fraudulent transfers, and subjecting all property transferred by Indemnitor Defendants, to the claims of Plaintiff.

2. For an injunction against further disposition of funds, the appointment of a receiver or other provisional remedy against the assets transferred.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANT INDEMNITORS**

1. For the imposition of a constructive trust on all property and funds obtained by or in the possession of Indemnitor Defendants as a result of Indemnitor Defendants' wrongful conduct;

2. For an order that Indemnitor Defendants turn over to Plaintiff all assets in the constructive trust forthwith.

Dated: May 23, 2022            SMTD LAW LLP

By:/s/Ali Salamirad
Ali Salamirad
Jeffrey D. Hook
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY